IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Petitioner,

    v.

GERMAN FRANCO,

    Respondent.

**ORDER ON PETITION SEEKING LEAVE TO FILE A PRO SE INITIAL PLEADING**

THIS MATTER is before the Court on Mr. James Wilson's Petition Seeking Leave To File a Pro Se Initial Pleading. In *Wilson v. County of Lea*, 16-CV-00328-MCA-GBW, Doc. 17 at 8 (D.N.M. May 16, 2016), the Court imposed filing restrictions on Mr. Wilson, prohibiting him "from initiating further litigation in this Court arising out of his conviction, sentencing, or probation revocation in State of New Mexico Criminal cases nos. D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-00234 . . . unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Wilson first obtains permission to proceed *pro se* from the Court." Pursuant to the Court's order, Mr. Wilson seeks permission to proceed pro se on a proposed Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person in State Custody, which challenges Mr. Wilson's conviction, sentencing, and probation revocation in State of New Mexico criminal cases nos. D-506-CR-2011-00271, D-506CR-2011-00272, and D-506-CR-2011-00324.

The Court notes that Mr. Wilson previously filed a § 2254 motion challenging his conviction, sentencing and probation revocation in in State of New Mexico criminal cases nos. D-506-CR-2010-00213, D-506-CR-2011-00271, D-506CR-2011-00272, and D-506-CR-2011-00324.  *See Wilson v. Hatch*, No. 15-CV-00989-WJ-LF, Doc. 1 (D.N.M. November 2, 2015).  In that case, the Court ordered the Respondent, Warden Timothy Hatch, to file an answer.  *Id.* at Doc. 4.  Respondent filed a lengthy answer, contending that Mr. Wilson had failed to exhaust his available state-court remedies, that his claims are not cognizable in a federal habeas proceeding, and that his claims lack merit.  *Id.* at Doc. 18.  On October 3, 2016, Mr. Wilson filed an amended § 2254 motion, seeking to challenge an order of revocation of probation entered in criminal cases nos. 506-CR-2011-00271, D-506CR-2011-00272, and D-506-CR-2011-00324 on May 20, 2016.  *Id.* at Doc. 27.  Respondent objected to the amended § 2254 motion, noting that the amendment was untimely, filed without Respondent's written consent, and not in the interest of justice under Fed. R. Civ. P. 15.  *Id.* at Doc. 31.  In an Order dated November 4, 2016, the Court held that because Mr. Wilson's "Amended Petition was filed without Respondents' written consent or the Court's leave . . . the Court will recharacterize it as a motion to amend his § 2254 petition under Rule 15(a)" and that "[t]he opposed motion to amend will be addressed by the Court in a separate order.  No further responses from the parties are required at this time."  *Id.* at Doc. 32.  Before the Court had an opportunity to rule on Mr. Wilson's opposed motion to amend his § 2254 motion, Mr. Wilson filed a motion requesting a voluntary dismissal of the action without prejudice, which the Court granted on February 23, 2017.  *Id.* at Docs. 37, 38.

In his proposed § 2254 motion, Mr. Wilson seeks to challenge the May 20, 2016 order of probation revocation in criminal cases nos. 506-CR-2011-00271, D-506CR-2011-00272, and D-506-CR-2011-00324.   The constitutionality of Mr. Wilson's conviction, sentencing, and

probation revocation in criminal cases nos. 506-CR-2011-00271, D-506CR-2011-00272, and D-506-CR-2011-00324 and whether to permit Mr. Wilson to amend his § 2254 motion to include the May 20, 2016 order of probation revocation, was fully briefed and pending before the Court in *Wilson v. Hatch*, No. 15-CV-00989-WJ-LF.  Mr. Wilson voluntarily moved to dismiss that action, however, in order to file the proposed new action, which raises identical claims.  The Court will not permit Mr. Wilson to engage in improper forum-shopping by filing a new and duplicative § 2254 action.  The Court will, however, liberally construe Mr. Wilson's Petition Seeking Leave To File a Pro Se Initial Pleading, proposed § 2254 motion, and all attachments and exhibits, as a motion for relief from judgment in *Wilson v. Hatch*, No. 15-CV-00989-WJ-LF pursuant to Fed. R. Civ. P. 60(b).  *See Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that Courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category").

    IT IS THEREFORE ORDERED that Mr. Wilson's Petition Seeking Leave To File A Pro Se Initial Pleading is DENIED; and the Clerk of the Court is directed to docket Mr. Wilson's Petition Seeking Leave To File A Pro Se Initial Pleading, his proposed § 2254 motion, and all attachments and exhibits, in *Wilson v. Hatch*, No. 15-CV-00989-WJ-LF, as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE