IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Petitioner,

v.                                                                                   No. 15-CV-00989-WJ-LF

TIMOTHY HATCH, ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S RULE 60(b) MOTION**

This matter is before the Court on Petitioner James Wilson's Petition Seeking Leave To File A Pro Se Initial Pleading [Doc. 41], which has been recharacterized as a motion from relief from judgment pursuant to Fed. R. Civ. P. 60(b), and Petitioner's motion for appointment of counsel [Doc. 41 at 6]. The Respondents contend that Petitioner's Rule 60(b) motion is a second or successive § 2254 petition filed without the authorization of the United States Court of Appeals for the Tenth Circuit and, therefore, this Court lacks jurisdiction. [Doc. 42] For the reasons explained below, the Court concludes that Petitioner's Rule 60(b) motion is not a second or successive § 2254 petition, Petitioner's motion for appointment of counsel will be denied, Petitioner's Rule 60(b) motion will be denied, and a certificate of appealability will be denied.

**I.    BACKGROUND**

On November 2, 2015, Petitioner filed a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody challenging the revocation of his probation in State of New Mexico criminal cases D-506-CR-2010-00213, D-506-CR-2011-00271, D-506-

CR-2011-00272 and D-506-CR-2011-00324. [Doc. 1] On March 3, 2016, Respondents filed an answer to the § 2254 petition, contending that Petitioner had failed to exhaust his available state-court remedies, that his claims are not cognizable in a federal habeas proceeding, and that his claims lack merit. [Doc. 18]

On May 19, 2016, Petitioner moved to dismiss his § 2254 petition, contending that on April 27, 2016 the Fifth Judicial District Court of the State of New Mexico had issued an order voiding the revocation of his probation and, therefore, "all of Petitioner's cases are now completely discharged." [Doc. 19] Respondents did not object to Petitioner's motion to dismiss. [Doc. 20] Before the Court could rule on Petitioner's unopposed motion to dismiss, he filed a Motion Seeking Order To Void [Doc. 21], which sought to void the Fifth Judicial District Court's subsequent May 20, 2016 order revoking probation and imposing judgment in D-506-CR02010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272 and D-506-CR-2011-00324 [Doc. 21]. Petitioner also filed: (1) a Motion Seeking Relief From Orders in D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-00324 Filed on May 20, 2016, Which Violate The Prohibition on Double Jeopardy Pursuant To The Fifth Amendment To The United States Constitution and Article II, §§ 15 and 18 of the New Mexico Constitution [Doc. 24]; (2) a Petition For Writ of Mandamus [Doc. 26]; (3) and an Amended § 2254 Petition [Doc. 27].

On October 12, 2016, Magistrate Judge Laura Fashing noted that Petitioner's filings "appear to reflect Petitioner's intent to proceed on the merits of his § 2254 petition," but that Petitioner's unopposed motion to dismiss his § 2254 petition remained pending on the docket. [Doc. 28] Judge Fashing notified Petitioner that if he wished to withdraw his motion to dismiss, he must file a motion to withdraw in accordance with Rule 7.7 of the Local Civil Rules of the United States District Court for the District of New Mexico within thirty days. [Doc. 28]

Petitioner timely filed a Notice of Withdrawal of his motion to dismiss and asked the Court to "order Respondent to Immediately Respond to the Amended Petition (Doc. 27)." [Doc. 29] Respondents did not object to the withdrawal of Petitioner's motion to dismiss, but did object to the filing of the Amended Petition, contending that the amendment was untimely, filed without Respondents' consent, and not in the interest of justice under Fed. R. Civ. P. 15(a). [Doc. 31] On November 4, 2016, Magistrate Judge Fashing deemed Petitioner's Motion to Dismiss to be withdrawn pursuant to Local Rule 7.7 and recharacterized Petitioner's Amended Petition as a motion to amend his § 2254 petition pursuant to Fed. R. Civ. P. 15(a)(2). [Doc. 32] Magistrate Judge Fashing informed the parties that "[t]he opposed motion to amend will be addressed by the Court in a separate order" and that "[n]o further responses from the parties are required at this time." [Doc. 32 at 2]

On February 6, 2017, Petitioner filed a motion requesting the dismissal of this § 2254 proceeding without prejudice. [Doc. 37] Respondents did not file a response to Petitioner's motion and, therefore, they were deemed to "consent to grant the motion" pursuant to Local Rule 7.1(b). [Doc. 38] The Court granted Petitioner's unopposed motion to dismiss this § 2254 proceeding without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and entered final judgment. [Docs. 38, 39]

In the meantime, in *Wilson v. County of Lea*, 16-CV-00328-MCA-GBW, Doc. 17 at 8 (D.N.M. May 16, 2016), Chief United States District Judge M. Christina Armijo imposed filing restrictions on Petitioner in light of his abusive litigation history, which restricted Petitioner "from initiating further litigation in this Court arising out of his conviction, sentencing, or probation revocation in State of New Mexico Criminal cases nos. D-506-CR02010-00213, D-506-CR-2011-00271, D-506-CR-2011-00272, and D-506-CR-2011-00234 . . . unless either a

licensed attorney who is admitted to practice before this Court signs the pleading or Wilson first obtains permission to proceed pro se from the Court." In light of these filing restrictions, Petitioner submitted a Petition Seeking Leave To File A Pro Se Initial Pleading and a motion for appointment of counsel. [Doc. 41] The initial pleading that Petitioner sought to file was a proposed § 2254 petition challenging the Fifth Judicial District's May 20, 2016 order revoking his probation in D-506-CR-2011-00271, D-506-CR-2011-00272 and D-506-CR-2011-00324. Chief United States Magistrate Judge Karen B. Molzen denied Petitioner's request to file a new § 2254 petition, reasoning that Petitioner had "voluntarily moved to dismiss" his pending § 2254 petition in this case "in order to file the proposed new action, which raises identical claims." [Doc. 40 at 3] Although Chief Judge Molzen refused to "permit Mr. Wilson to engage in improper forum-shopping by filing a new and duplicative § 2254 action," she liberally recharacterized the Petition Seeking Leave To File A Pro Se Initial Pleading as a motion for relief from judgment in the present case pursuant to Fed. R. Civ. P. 60(b). [Doc. 40 at 3]

On March 14, 2017, Respondents filed a response in opposition to Petitioner's Rule 60(b) motion, contending that it was a second or successive § 2254 petition filed without authorization of the United States Court of Appeals for the Tenth Circuit and, therefore, this Court lacks jurisdiction. [Doc. 42] On April 5, 2017, Petitioner filed a reply indicating that he "was led to believe that it was to[o] late to file an amended petition in this case, and did ask the court to dismiss 'without prejudice,' so that he could file a petition to address the current issues instead." [Doc. 43] Petitioner also repeated his request for the appointment of counsel in this case. [Doc. 43] On April 20, 2017, Petitioner filed an Urgent Request for Ruling, contending that he "is and has been illegally incarcerated for more than a year in violation of protections which are

4

supposedly inherent to his citizenship of this country, even the Petitioner's right to counsel, if he is unable to afford it, is being blatantly ignored." [Doc. 44]

## II. DISCUSSION

The Court first will address whether Petitioner's Rule 60(b) motion is a "second or successive" § 2254 petition and then will proceed to address the merits of Petitioner's motion for appointment of counsel and Petitioner's Rule 60(b) motion.

### A. *Petitioner's Rule 60(b) Motion Is Not A Second Or Successive § 2254 Petition*

Respondents contend that Petitioner's Rule 60(b) motion is not a "true" Rule 60(b) motion, but rather a second or successive § 2254 petition, because Petitioner "attempts to raise the same issues presented in his original and voluntarily dismissed petition of November 2, 2015." [Doc. 42 at 2] It is well settled that the phrase "second or successive" is a term of art that "does not simply refer to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (internal quotation marks omitted). For example, the following types of cases are not subject to the statutory restriction on "second or successive" petitions:

> where the previous petitions have been dismissed without prejudice for failure to exhaust state remedies, *see e.g.*, *McWilliams v. Colorado*, 121 F.3d 575, 575 (10th Cir. 1997); where the first post-conviction remedy was used solely to reinstate the right to a direct appeal; *see, e.g.*, *United States v. Scott*, 124 F.3d at 1330; where the first petition was dismissed for failure to pay the filing fee; *see, e.g.*, *Benton v. Washington*, 106 F.3d 162, 164-65 (7th Cir. 1996); where the first § 2255 motion is dismissed without prejudice because it was filed while the direct criminal appeal was pending*, see Flores v. United States*, No. 97-8080, 1997 WL 525596 (8th Cir. 1997) (unpublished disposition); and where the first petition is returned for being insufficient for failing to comply with the Rules Governing Section 2244 Cases or Rules Governing Section 2255 Proceedings, *see O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998).

*Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (per curiam).

In *Haro-Arteaga*, the United States Court of Appeals for the Tenth Circuit considered whether a § 2255 motion filed after two previous § 2255 motions had been dismissed voluntarily should be considered "second or successive." Specifically, Mr. Haro-Arteaga's first § 2255 motion had been dismissed voluntarily after the United States filed its response and Mr. Haro-Arteaga's second § 2255 motion had been dismissed voluntarily after the United States filed its response and Mr. Haro-Arteaga had been ordered to file a reply. *Id.* The Court held that "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits. The district court must have engaged in substantive review." *Id.* at 1197 (quoting *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999)). The Court concluded that "because none of the earlier motions filed by Mr. Haro-Arteaga conceded any claim or were decided on the merits or after the district court engaged in substantive review," Mr. Haro-Arteago's third § 2255 motion was not subject to the statutory restriction on "second or successive" motions. *Id.* Therefore, the district court had jurisdiction to consider Mr. Haro-Arteago's § 2255 motion. *See also Douglas v. Workman*, 560 F.3d 1156, 1188 n.18 (10th Cir. 2009) (noting that "the Tenth Circuit has held generally that any habeas petition that does not result in an adjudication of the merits of the habeas claims, whether that adjudication be on procedural or substantive grounds, will not count as a first habeas petition for purposes of determining whether later habeas petitions are second or successive").

In the present case, Petitioner did not concede any of his claims and the Court had not engaged in a substantive review of any of Petitioner's claims before Petitioner's § 2254 petition was voluntarily dismissed. Therefore, in light of *Haro-Arteaga*, the Court concludes that Petitioner's Rule 60(b) motion is not a "second or successive" § 2254 petition.

B.    *Petitioner's Motion For Appointment of Counsel Will Be Denied*

Before considering the merits of Petitioner's Rule 60(b) motion, the Court will address his motion for appointment of counsel. [Doc. 41 at 6; *see also* Doc. 43] Petitioner requests appointment of counsel because has been "unable to acquire representation," he has "almost no access to a law library nor . . . any training in the field of law," and the "issues are extremely complicated." [Doc. 41 at 6]

"[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction" and "generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 33 (10th Cir. 1994). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Petitioner appears to understand the issues in this case and is representing himself in an intelligent and capable manner. The legal issues involved are not complex and, for the reasons explained below, the Court determines that Petitioner's Rule 60(b) motion lacks merit. Therefore, Petitioner's motion for appointment of counsel will be denied.

C. *Petitioner's Rule 60(b) Motion Will Be Denied*

Fed. R. Civ. P. 60(b) confers authority on the Court to relieve a party from a final judgment "for the following reasons:"

>   (1)  mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Construed liberally, Petitioner's Rule 60(b) motion appears to implicate Rules 60(b)(1) and (b)(6) and, therefore, the Court will address the applicability of each of these provisions in turn. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

*1.*  *Petitioner Is Not Entitled To Relief Under Rule 60(b)(1)*

Petitioner's unopposed Motion Requesting Dismissal Without Prejudice [Doc. 37] did not provide a reason for Petitioner's decision to dismiss his § 2254 petition voluntarily. In his reply brief, however, Petitioner indicates that he moved to dismiss his § 2254 petition without prejudice because he was under the mistaken impression that he could refile it in this Court, despite the imposition of filing restrictions in *Wilson v. County of Lea*, 16-CV-00328-MCA-GBW, Doc. 17 at 8 (D.N.M. May 16, 2016). [*See* Doc. 43]

The "mistake" provision of Rule 60(b)(1) "provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). "Generally speaking, a party who takes deliberate action with negative

8

consequences . . . will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate." *Id.* (quoting 7 Moore, Federal Practice ¶60-22[2], p. 60-182)). "Similarly, Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." *Id.*

In the present case, Petitioner made a deliberate decision to dismiss this action without prejudice and relief is not available under Rule 60(b)(1) to avoid the unfortunate consequences of his deliberate act. *See, e.g.*, *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."); *Bell v. Hadley*, CV 04-0263-WS-D, 2006 WL 572329, at *1 (S.D. Ala. March 7, 2006) ("Having elected to voluntarily dismiss his claims against defendants in this action, plaintiff cannot 'unring' that bell simply because he has changed his mind.") (unpublished). Therefore, the Court concludes that Petitioner is not entitled to relief under Fed. R. Civ. P. 60(b)(1).

2.  *Petitioner Is Not Entitled To Relief Under Rule 60(b)(6)*

"Rule 60(b)(6) has been described as a 'grand reservoir of equitable power to do justice in a particular case.'" *Cashner*, 98 F.3d at 579 (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief." *Id.* (internal quotation marks omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioner seeks to reinstate the present § 2254 action so that he can challenge the Fifth Judicial District Court's May 20, 2016 order revoking probation and imposing judgment in D-506-CR-2011-00271, D-506-CR-2011-00272 and D-506-CR-2011-00324. [*See* Doc. 41] "A

9

state prisoner is ordinarily not able to obtain federal habeas corpus relief 'unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.'" *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (quoting 28 U.S.C. § 2254(b)). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Id.* "The exhaustion requirement is not one to be overlooked lightly. Principles of comity and federalism demand that the requirement be strictly enforced." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (internal quotation marks omitted).

The Court concludes that it is not in the interest of justice to award extraordinary relief under Rule 60(b)(6) because Petitioner has not exhausted his available state court remedies. The Court will take judicial notice of the state court docket, which reflects that Petitioner's appeals from the May 20, 2016 orders revoking his probation in D-506-CR-2011-0027, D-506-CR-2011-00272 and D-506-CR-2011-00324 were consolidated and transferred to the New Mexico Supreme Court as a petition for writ of certiorari under NMRA Rule 12-501. *See State v. Wilson*, S-1-SC-36279, available at https://caselookup.nmcourts.gov/caselookup/app (last visited June 27, 2017); *see also St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that the "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Petitioner's petition for writ of certiorari currently is pending before the New Mexico Supreme Court and, therefore, federal review of the Fifth Judicial District Court's orders under 28 U.S.C. § 2254 is premature at this time. *See*

*Picard v. Connor*, 404 U.S. 270, 275 (1971) (holding that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (internal quotation marks and citation omitted). Accordingly, Petitioner's Rule 60(b) motion will be denied.

### D. *A Certificate of Appealability Will Be Denied*

A certificate of appealability "is required to appeal from the denial of a . . . Rule 60(b) motion in the district court." *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons explained above, the Court concludes that jurists of reason could not disagree with the resolution of Petitioner's Rule 60(b) motion and, therefore, a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Petitioner's motion for appointment of counsel [Doc. 41 at 6] is DENIED;

IT IS FURTHER ORDERED that Petitioner's Rule 60(b) motion [Doc. 41] is DENIED; and a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE